THOMAS F. CONRAN, JR. *v.* G. T. LABONNE & ASSOCIATES, INC., ET AL.
(2432)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued May 3—decision released July 31, 1984

*Robert W. Gordon,* for the appellant (plaintiff).
*Aaron P. Slitt,* for the appellees (defendants).

PER CURIAM. The plaintiff, an insurance salesman, brought an action to recover money damages[1] from the defendant,[2] an insurance brokerage firm, for the alleged termination of an employment contract. The trial court rendered judgment for the defendant and the plaintiff appealed.[3]

The contract provided that the plaintiff would work full-time for the defendant, and that the defendant would pay the plaintiff, in most instances, 50 percent of the premiums generated by the plaintiff. The contract was for a term of one year which term was automatically renewable from year-to-year. It also provided that the plaintiff's "book of business," that is his accumulated list of steady customers, was to become the exclusive property of the defendant. In the event of termination of employment by reason other than death, the plaintiff was to be paid 50 percent of the commissions on all renewals of policies for four years. After the execution of the contract, the defendant sold all of its assets, including the plaintiff's "book of business," to another insurance brokerage company. The plaintiff then began employment with the buyer and entered into another employment contract, the terms of which were essentially the same as his contract with the defendant. The plaintiff claims that upon the defend-

---

[1] The trial court found that the plaintiff did not prove any damages. In view of this court's opinion, it is not necessary to consider the plaintiff's claim of error that the trial court erred in so finding.

[2] The plaintiff sued George T. LaBonne, G. T. LaBonne and Associates, Inc., and G. T. L. A., Inc., the successor corporation of G. T. LaBonne and Associates, Inc. The action was later withdrawn as to George T. LaBonne. As used in this opinion, defendant refers to G. T. LaBonne and Associates, Inc.

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

ant's sale of its business, his contract with the defendant terminated and he was due compensation for four years' commissions.[4]

The trial court found that the plaintiff, upon his execution of a new contract with the defendant's buyer, continued to receive the very same commissions to which he would have been entitled had he continued to work for the defendant. Since this was so, the court concluded that the plaintiff was not entitled to a judgment against the defendant since he then would collect twice for the same commissions.

It is the argument of the plaintiff that payment of commissions for four years is a form of deferred compensation due him for his sale of his "book of business." No provision of the contract substantiates that view. The contract clearly provided that the "book of business" belonged to the defendant upon the signing of the contract.

A contract should be viewed in its entirety and its terms are to be construed in view of the language used, and the purposes and circumstances of the parties. *Saphir* v. *Neustadt,* 177 Conn. 191, 203, 413 A.2d 843 (1979); *Lanna* v. *Greene,* 175 Conn. 453, 459, 399 A.2d 837 (1978). Nothing in the contract between the plaintiff and the defendant indicates that the plaintiff was to receive a double payment for the same commissions upon termination of his employment with the defendant, or that any commissions were due him as deferred compensation.

There is no error.

---

[4] On oral argument, the plaintiff claimed that he was due the sum of $50,000 upon his retirement from his employment with the defendant. Nowhere in his complaint, however, is such an allegation made. The only mention of $50,000 in the contract is that a $50,000 life insurance policy is to be paid by the defendant upon the death of the plaintiff.